UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| ANDREW J. SMITH, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cv-268 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **MEMORANDUM OPINION** |
| Defendant. ) | |
| _____ ) | |

This was a social security action brought under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). On September 7, 2005 the court, pursuant to stipulation by the parties, entered a judgment which vacated the Commissioner's decision and remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (docket # 15). On December 6, 2005, the parties submitted a joint motion stipulating that plaintiff is entitled to a judgment in the amount of $2,650.00 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (docket # 17). Upon review, this portion of the joint motion will be granted. However, the remainder of the motion which asks the court to enter the judgment in favor of plaintiff's attorney, a nonparty, must be denied.

## Discussion

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The Sixth Circuit has identified three conditions which must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See United States v. $515,060.42 in United States Currency*, 152 F.3d 491, 506-07 (6th Cir. 1998); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *see also Green v. Commissioner*, 52 F. App'x 758, 759 (6th Cir. 2002); *Gray v. Commissioner*, 23 F. App'x 436, 437 (6th Cir. 2001); *Delta Eng'g v. United States*, 41 F.3d 259, 261 (6th Cir. 1994). Plaintiff is a prevailing party under this court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Defendant does not dispute that plaintiff is a financially eligible person under the EAJA. Defendant offers no special circumstances which might warrant denial of fees. The government's position was not substantially justified for the reasons outlined in the stipulated motion for remand. (docket # 14). Therefore, the joint motion for an award of attorney's fees pursuant to the EAJA will be granted and judgment will be entered in plaintiff's favor in the amount of $2,650.00.

The remainder of the joint motion must be denied. The last sentence of the motion states, "Upon the representation of Mr. Robinson, Plaintiff agrees that the fees will be paid directly to Robinson Law Office, P.C." This is either a request that the court enter judgment in favor of a nonparty, or a request that the court order defendant to make payment to a nonparty pursuant to the EAJA. In either case, this aspect of the joint motion must be denied. The EAJA provides in

pertinent part that the court shall award fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). Plaintiff is the prevailing party. Plaintiff's attorney is not. *See FDL Tech., Inc. v. United States*, 967 F.2d 1578, 1580-81 (Fed. Cir. 1992); *accord Zeisler v. Neese*, 24 F.3d 1000, 1001 (7th Cir. 1994); *Panola v. Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1510-11 (11th Cir. 1988). Judgment will be entered in plaintiff's favor against defendant.[1]

## **Conclusion**

For the reasons set forth herein, the motion for attorney's fees pursuant to the EAJA will be granted in part and denied in part. Judgment will be entered in plaintiff's favor in the amount of $2,650.00.

Date:   December 9, 2005                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The manner in which defendant elects to satisfy the monetary obligation created by the judgment is not before the court. However, it is worth noting that a joint check payable to plaintiff and his attorney is one obvious solution.